1   CUMMINS & WHITE, LLP
    James R. Wakefield, P.C. (Bar No. 102024)
2   E-mail:  jwakefield@cwlawyers.com
    Erick J. Becker, P.C. (Bar No. 137180)
3   E-mail:  ebecker@cwlawyers.com
    2424 S.E. Bristol Street, Suite 300
4   Newport Beach, CA 92660-0764
    Telephone: (949) 852-1800
5   Facsimile: (949) 852-8510

6   Attorneys for Defendant
    BKB CONSTRUCTION, LP, Texas
7   Limited Partnership

8

9                    UNITED STATES DISTRICT COURT

10                NORTHERN DISTRICT OF CALIFORNIA

11

12  ANTONIO CALDERON, individually, and      )   CASE NO.:  3: 17-cv-1255
    on behalf of other members of the general )
13  public similarly situated,                )   **NOTICE OF REMOVAL OF ACTION**
                                              )   **UNDER 28 U.S.C. § 1332 (DIVERSITY)**
14                         Plaintiff,         )
                                              )   CLASS ACTION
15         vs.                                )
                                              )
16  BKB CONSTRUCTION, L.P., an unknown        )
    business entity; and DOES 1 through 100,  )
17  inclusive,                                )
                                              )
18                         Defendants.        )
                                              )
19  _____  )

20         TO THE CLERK OF THE ABOVE-ENTITLED COURT:

21         PLEASE TAKE NOTICE that BKB CONSTRUCTION, LP ("Defendant"), by and

22  through its counsel, hereby removes civil action Case No. RG17846698 from the Superior

23  Court of the State of California for the County of Alameda to the United States District Court

24  for the Northern District of California, pursuant to 28 U.S.C. §1332, 28 U.S.C. §§1441 and

25  1446. Removal of the action is proper for the reasons set forth below:

26         1.     Plaintiff ("Plaintiff") filed his Complaint against Defendant in the Alameda

27  County Superior Court, Case No. RG17846698, on January 24, 2017.  A copy of the Complaint

28  is attached hereto as Exhibit "A."

                                          -1-
|R807.6|1622049.docx.DOC;1|

2.    The Complaint was served on Defendant's agent for service of process on February 7, 2017.

3.    This Notice of Removal is being filed within 30 days after Defendant's statutory receipt of the Complaint, and is thus timely filed under 8 U.S.C. § 1446(b).

4.    Pursuant to 28 U.S.C. § 1332(a)(1), this Court has original jurisdiction over this matter because it is a civil action between diverse citizens where the matter in controversy for one of more of the proposed class members exceeds the sum or value of $75,000.  Therefore, the action may be removed pursuant to 28 U.S.C. § 1441.

5.    Pursuant to 28 U.S.C. §1332(d), the "Class Action Fairness Act" (CAFA), this court has original jurisdiction over this matter because it is a civil class action between a class of plaintiffs that are citizens of a different state from Defendant and the amount in controversy in the aggregate exceeds the sum or value of $5,000,000.

**CITIZENSHIP**

6.    The parties are, and were at the time of the filing of this action, diverse citizens within the meaning of 28 U.S.C. § 1441.

7.    The named Plaintiff in the Complaint is a citizen and resident of the State of California, as alleged in his Complaint.

8.    Defendant is a Texas limited partnership, with a principal place of business in Dallas County, Texas.  The limited partnership is composed of two partners, Bryan Brown, an individual, and BKB Construction Management, Inc., a corporation organized under the laws of the State of Texas.

9.    Bryan Brown is a citizen and resident of the State of Texas.

10.    Under 28 U.S.C. § 1332(c)(1), "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business . . . ."  BKB Construction Management, Inc. is incorporated in the State of Texas, and his its principal place of business in Dallas County, Texas.

11.    Thus, complete diversity of citizenship between all Plaintiffs and all partners of

1  Defendant exists for jurisdictional purposes.

2  **AMOUNT IN CONTROVERSY**

3      12.    Plaintiff contends in the Complaint that class members are entitled to damages
4  for failure to pay overtime, failure to provide meal and rest periods, failure to pay minimum
5  wages, failure to provide compliant pay stubs pursuant to Labor Code §226, failure to pay
6  waiting time penalties, failure to reimburse for business expenses, and unfair business practices
7  under Business and Professions Code §17200.  Plaintiff also seeks attorneys' fees on each of
8  the causes of action, which are statutorily authorized under California law if damages are
9  recovered.  Plaintiff asserts in the Complaint that he was employed by Defendant for a period
10  of 2012 to July, 2016.   In an effort to avoid removal based on diversity jurisdiction, Plaintiff
11  asserts that his individual claim, including his portion of attorneys' fees, is less than $75,000,
12  and the aggregate damages sought by the class are less than $5,000,000.  However, Plaintiff
13  failed to plead any specific facts to ascertain the extent of the damages he seeks on behalf of
14  himself and the class.

15      13.    Pursuant to the Declaration of Stuart English submitted herewith, the total of the
16  all damages, interest and attorneys' fees Plaintiff is seeking individually would exceed the
17  $75,000 jurisdictional minimum for diversity jurisdiction.  Under the supplemental jurisdiction
18  rule set forth in 28 U.S.C. §1367, diversity jurisdiction is proper over the claims of all other
19  potential class members, even if their individual claims would not exceed the jurisdictional
20  minimum. *See Exxon Mobil v. Allapattah Services, Inc.* (2005) 545 U.S. 546.

21      14.    Pursuant to the Declaration of Stuart English submitted herewith, BKB
22  employed approximately 400 non-exempt employees during the relevant time frame, which
23  would be the number of potential class members.  If each class member seeks damages of
24  $12,500 or more, inclusive of attorneys' fees, the jurisdictional amount under §1332(d) would
25  be met.  In a class action proceeding of this magnitude, it would be expected that Plaintiff's
26  counsel would seek attorneys' fees of at least $1,000,000, which on a pro rata basis, would be
27  $2,500 attributed to each individual class member.  Further, each class member would be
28  entitled to a maximum penalty of $4000 if Plaintiff prevails on the claims under Labor Code

1 §226. Given the breadth of the remaining causes of action for meal and rest periods, failure to

2 pay overtime, failure to pay minimum wages, liquidated damages and waiting time penalties,

3 and failure to reimburse business expenses, plus interest, it is evident that each class member is

4 seeking in excess of $6000 in damages for these claims. The combination of damages,

5 penalties and attorneys' fees sought by Plaintiff clearly exceeds $12,500 for each class

6 member, which in the aggregate exceeds the $5,000,000 threshold for removal under CAFA.

7     15.    Written notice to the Clerk of the Alameda Superior Court and to Plaintiff shall

8 promptly be filed with said Court and served upon all parties, as required by 28 U.S.C. §

9 1446(d). This Notice of Removal is being filed without prejudice to the objections and

10 defenses of Defendant.

11     **WHEREFORE,** Defendant respectfully requests that the above-entitled action, now

12 pending in the Superior Court of Alameda, be removed therefrom to this Court.

13

14 Dated: March 9, 2017                     CUMMINS & WHITE, LLP

15

16                                          By: /s/ Erick J. Becker, P.C.
17                                              Erick J. Becker, P.C.
                                                Attorneys for Defendant
18                                              BKB CONSTRUCTION, LP, a Texas Limited
                                                Partnership
19

20

21

22

23

24

25

26

27

28

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1141(B) (DIVERSITY): CASE NO.:
|R807.6|1622049.docx.DOC;1|

# PROOF OF SERVICE

STATE OF CALIFORNIA  )
                     )  ss.
COUNTY OF ORANGE     )

I, the undersigned, declare:

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action. My business address is 2424 S.E. Bristol Street, Suite 300, Newport Beach, CA 92660-0764.

On March 9, 2017, I served the following document(s) **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1332 (DIVERSITY)** on the interested parties in this action by placing a true and correct copy of each document thereof, enclosed in a sealed envelope, addressed as follows:

Douglas Han
Shunt Tatavos-Gharajeh
Justice Law Corporation
411 North Central Avenue, Suite 500
Glendale, CA 91203
(818) 230-7502
(818) 230-7259

☑ **By Mail:** I am readily familiar with Cummins & White, LLP's business practice for collection and processing of correspondence for mailing with the United States Postal Service. I know that the correspondence is deposited with the United States Postal Service on the same day this declaration was executed in the ordinary course of business. I know that the envelope was sealed and, with postage thereon fully prepaid, placed for collection and mailing on this date, following ordinary business practices, in the United States mail at Newport Beach, California

☑ **By Electronic Service:** I electronically served the above document(s) by transmitting a PDF format copy through the CM/ECF platform.

Executed on March 9, 2017, at Newport Beach, California.

☑ **(Federal)** I declare that I am employed in the office of a member of the bar of this Court at whose direction this service was made.

_____
Ellen Cline

NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1141(B) (DIVERSITY): CASE NO.:

|R807.6|1622049.docx.DOC;1|

1  DOUGLAS HAN (SBN 232858)
   SHUNT TATAVOS-GHARAJEH (SBN 272164)
2  DANIEL J. PARK (SBN 274973)
   JOY D. LLAGUNO (SBN 311867)
3  **JUSTICE LAW CORPORATION**
   411 North Central Avenue, Suite 500
4  Glendale, California 91203
   Tel: (818) 230-7502
5  Fax: (818) 230-7259

6  *Attorneys for* Plaintiff

ENDORSED
FILED
ALAMEDA COUNTY

JAN 24 2017

CLERK OF THE SUPERIOR COURT
By Lanetta Bufiln, Deputy

7

8            SUPERIOR COURT OF THE STATE OF CALIFORNIA

9               FOR THE COUNTY OF ALAMEDA

10  ANTONIO CALDERON, individually, and     Case No. RG 17846698
    on behalf of other members of the general
11  public similarly situated;               **CLASS ACTION COMPLAINT FOR
                                             DAMAGES & ENFORCEMENT**
12            Plaintiff,
                                             (1)  Violation of California Labor Code
13      vs.                                       §§ 510 and 1198 (Unpaid
                                                  Overtime);
14  BKB CONSTRUCTION, L.P., an unknown      (2)  Violation of California Labor Code
    business entity; and DOES 1 through 100,      §§ 226.7 and 512(a) (Unpaid Meal
15  inclusive;                                    Period Premiums);
                                             (3)  Violation of California Labor Code
16            Defendants.                         § 226.7 (Unpaid Rest Period
                                                  Premiums);
17                                           (4)  Violation of California Labor Code
                                                  §§ 1194, 1197, and 1197.1 (Unpaid
18                                                Minimum Wages);
                                             (5)  Violation of California Labor Code
19                                                §§ 201 and 202 (Final Wages Not
                                                  Timely Paid);
20                                           (6)  Violation of California Labor Code
                                                  § 226(a) (Non-Compliant Wage
21                                                Statements);
                                             (7)  Violation of California Labor Code
22                                                §§ 2800 and 2802 (Unreimbursed
                                                  Business Expenses);
23                                           (8)  Violation of California Business &
                                                  Professions Code §§ 17200, et seq.
24
                                             **DEMAND FOR JURY TRIAL**
25

26

27

28                          EXHIBIT A                          BY FAX

COMES NOW, Plaintiff ANTONIO CALDERON ("Plaintiff"), individually, and on behalf of other members of the general public similarly situated, and alleges as follows:

### JURISDICTION AND VENUE

1.    This class action is brought pursuant to the California Code of Civil Procedure section 382. The monetary damages and restitution sought by Plaintiff exceeds the minimal jurisdiction limits of the Superior Court and will be established according to proof at trial. The amount in controversy for the class representative, including claims for compensatory damages, interest, and pro rata share of attorneys' fees, is less than $75,000.

2.    This Court has jurisdiction over this action pursuant to the California Constitution, Article VI, Section 10, which grants the superior court "original jurisdiction in all other causes" except those given by statute to other courts. The statutes under which this action is brought do not specify any other basis for jurisdiction.

3.    This Court has jurisdiction over Defendants because, upon information and belief, Defendants have sufficient minimum contacts in California, or otherwise intentionally avails itself of the California market so as to render the exercise of jurisdiction over it by California courts consistent with traditional notions of fair play and substantial justice.

4.    Venue is proper in this Court because, upon information and belief, Defendants maintain offices, have agents, employ individuals, and/or transact business in the State of California, County of Alameda. The majority of acts and omissions alleged herein relating to Plaintiff and the other class members took place in the State of California, including the County of Alameda.

5.    The total amount of controversy as a result of this lawsuit inclusive of attorneys' fees is less than $5,000,000.

/ / /

/ / /

/ / /

CLASS ACTION COMPLAINT FOR DAMAGES

**PARTIES**

1

2      6.    Plaintiff ANTONIO CALDERON is an individual residing in the State of

3 California.

4      7.    Defendant BKB CONSTRUCTION, L.P., at all times herein mentioned, was and

5 is, upon information and belief, an unknown business entity, and at all times herein mentioned,

6 an employer whose employees are engaged throughout the State of California, including the

7 County of Alameda.

8      8.    At all relevant times, Defendant BKB CONSTRUCTION, L.P. was the

9 "employer" of Plaintiff within the meaning of all applicable California laws and statutes.

10      9.    At all times herein relevant, Defendants BKB CONSTRUCTION, L.P., and

11 DOES 1 through 100, and each of them, were the agents, partners, joint venturers, joint

12 employers, representatives, servants, employees, successors-in-interest, co-conspirators and/or

13 assigns, each of the other, and at all times relevant hereto were acting within the course and

14 scope of their authority as such agents, partners, joint venturers, joint employers,

15 representatives, servants, employees, successors, co-conspirators and/or assigns, and all acts or

16 omissions alleged herein were duly committed with the ratification, knowledge, permission,

17 encouragement, authorization and/or consent of each defendant designated as a DOE herein.

18      10.    The true names and capacities, whether corporate, associate, individual or

19 otherwise, of defendants DOES 1 through 100, inclusive, are unknown to Plaintiff who sues

20 said defendants by such fictitious names.  Plaintiff is informed and believes, and based on that

21 information and belief alleges, that each of the defendants designated as a DOE is legally

22 responsible for the events and happenings referred to in this Complaint, and unlawfully caused

23 the injuries and damages to Plaintiff and the other class members as alleged in this Complaint.

24 Plaintiff will seek leave of court to amend this Complaint to show the true names and

25 capacities when the same have been ascertained.

26      11.    Defendant BKB CONSTRUCTION, L.P. and DOES 1 through 100 will

27 hereinafter collectively be referred to as "Defendants."

28 ///

12.   Plaintiff further alleges that Defendants, directly or indirectly controlled or affected the working conditions, wages, working hours, and conditions of employment of Plaintiff and the other class members and aggrieved employees so as to make each of said Defendants employers and employers liable under the statutory provisions set forth herein.

## CLASS ACTION ALLEGATIONS

13.   Plaintiff brings this action on his own behalf and on behalf of all other members of the general public similarly situated, and, thus, seeks class certification under California Code of Civil Procedure section 382.

14.   The proposed class is defined as follows:

> All current and former hourly-paid or non-exempt employees who worked for any of the Defendants within the State of California at any time during the period from four years preceding the filing of this Complaint to final judgment.

15.   Plaintiff reserves the right to establish subclasses as appropriate.

16.   The class is ascertainable and there is a well-defined community of interest in the litigation:

> a.   Numerosity: The class members are so numerous that joinder of all class members is impracticable. The membership of the entire class is unknown to Plaintiff at this time; however, the class is estimated to be greater than fifty (50) individuals and the identity of such membership is readily ascertainable by inspection of Defendants' employment records.
>
> b.   Typicality: Plaintiff's claims are typical of all other class members' as demonstrated herein.  Plaintiff will fairly and adequately protect the interests of the other class members with whom she has a well-defined community of interest.

/ / /

/ / /

/ / /

4

c.   <u>Adequacy</u>: Plaintiff will fairly and adequately protect the interests of each class member, with whom she has a well-defined community of interest and typicality of claims, as demonstrated herein. Plaintiff has no interest that is antagonistic to the other class members. Plaintiff's attorneys, the proposed class counsel, are versed in the rules governing class action discovery, certification, and settlement. Plaintiff has incurred, and during the pendency of this action will continue to incur, costs and attorneys' fees, that have been, are, and will be necessarily expended for the prosecution of this action for the substantial benefit of each class member.

d.   <u>Superiority</u>: A class action is superior to other available methods for the fair and efficient adjudication of this litigation because individual joinder of all class members is impractical.

e.   <u>Public Policy Considerations</u>: Certification of this lawsuit as a class action will advance public policy objectives. Employers of this great state violate employment and labor laws every day. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. However, class actions provide the class members who are not named in the complaint anonymity that allows for the vindication of their rights.

17.   There are common questions of law and fact as to the class members that predominate over questions affecting only individual members. The following common questions of law or fact, among others, exist as to the members of the class:

a.   Whether Defendants' failure to pay wages, without abatement or reduction, in accordance with the California Labor Code, was willful;

/ / /

/ / /

/ / /

b.  Whether Defendants' had a pattern and practice of failing to pay their hourly-paid or non-exempt employees within the State of California for all hours worked, missed (short, late, interrupted, and/or missed altogether) meal periods and rest breaks in violation of California law;

c.  Whether Defendants required Plaintiff and the other class members to work over eight (8) hours per day and/or over forty (40) hours per week and failed to pay the legally required overtime compensation to Plaintiff and the other class members;

d.  Whether Defendants deprived Plaintiff and the other class members of meal and/or rest periods or required Plaintiff and the other class members to work during meal and/or rest periods without compensation;

e.  Whether Defendants failed to pay minimum wages to Plaintiff and the other class members for all hours worked;

f.  Whether Defendants failed to pay all wages due to Plaintiff and the other class members within the required time upon their discharge or resignation;

g.  Whether Defendants complied with wage reporting as required by the California Labor Code; including, *inter alia*, section 226;

h.  Whether Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs;

i.  Whether Defendants' conduct was willful or reckless;

j.  Whether Defendants engaged in unfair business practices in violation of California Business & Professions Code section 17200, *et seq.*;

k.  The appropriate amount of damages, restitution, and/or monetary penalties resulting from Defendants' violation of California law; and

l.  Whether Plaintiff and the other class members are entitled to compensatory damages pursuant to the California Labor Code.

/ / /

## GENERAL ALLEGATIONS

18.    At all relevant times set forth herein, Defendants employed Plaintiff and other persons as hourly-paid or non-exempt employees within the State of California.

19.    Plaintiff commenced his employment as an hourly-paid, non-exempt employee for Defendants in the State of California on or about 2012 and was terminated on or about July 22, 2016.

20.    Defendants hired Plaintiff and the other class members and classified them as hourly-paid or non-exempt employees, and failed to compensate them for all hours worked, missed meal periods and/or rest breaks.

21.    Defendants had the authority to hire and terminate Plaintiff and the other class members; to set work rules and conditions governing Plaintiff's and the other class members' employment; and to supervise their daily employment activities.

22.    Defendants exercised sufficient authority over the terms and conditions of Plaintiff's and the other class members' employment for them to be joint employers of Plaintiff and the other class members.

23.    Defendants directly hired and paid wages and benefits to Plaintiff and the other class members.

24.    Defendants continue to employ hourly-paid or non-exempt employees within the State of California.

25.    Plaintiff and the other class members worked over eight (8) hours in a day, and/or forty (40) hours in a week during their employment with Defendants.

26.    Plaintiff is informed and believes, and based thereon alleges, that Defendants engaged in a pattern and practice of wage abuse against their hourly-paid or non-exempt employees within the State of California, involving, *inter alia*, failing to pay them for all regular and/or overtime wages earned, missed meal periods and rest breaks in violation of California law.

/ / /

/ / /

27.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive certain wages for overtime compensation and that they were not receiving wages for overtime compensation.

28.    Plaintiff is informed and believes, and based thereon alleges, that Defendants failed to provide Plaintiff and the other class members the required rest and meal periods during the relevant time period as required under the Industrial Welfare Commission Wage Orders and thus they are entitled to any and all applicable penalties.

29.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed, and they did not receive all meal periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a meal period was missed.

30.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class member's regular rate of pay when a rest period was missed, and they did not receive all rest periods or payment of one additional hour of pay at Plaintiff's and the other class members' regular rate of pay when a rest period was missed.

31.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive at least minimum wages for compensation and that they were not receiving at least minimum wages for all hours worked.

/ / /

/ / /

/ / /

32.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive all wages owed to them upon discharge or resignation, including overtime and minimum wages and meal and rest period premiums, and they did not, in fact, receive all such wages owed to them at the time of their discharge or resignation.

33.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to receive complete and accurate wage statements in accordance with California law, but, in fact, they did not receive complete and accurate wage statements from Defendants. The deficiencies included, *inter alia*, the failure to include the total number of hours worked by Plaintiff and the other class members.

34.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that Plaintiff and the other class members were entitled to reimbursement for necessary business-related expenses.

35.    Plaintiff is informed and believes, and based thereon alleges, that Defendants knew or should have known that they had a duty to compensate Plaintiff and the other class members pursuant to California law, and that Defendants had the financial ability to pay such compensation, but willfully, knowingly, and intentionally failed to do so, and falsely represented to Plaintiff and the other class members that they were properly denied wages, all in order to increase Defendants' profits.

36.    During the relevant times set forth herein, Defendants failed to pay overtime wages to Plaintiff and the other class members for all hours worked. Plaintiff and the other class members were required to work more than eight (8) hours per day and/or forty (40) hours per week without overtime compensation.

37.    During the relevant times set forth herein, Defendants failed to provide the requisite uninterrupted meal and rest periods to Plaintiff and the other class members.

38.    During the relevant times set forth herein, Defendants failed to pay Plaintiff and the other class members at least minimum wages for all hours worked.

39.    During the relevant times set forth herein, Defendants failed to pay Plaintiff and the other class members all wages owed to them upon discharge or resignation.

40.    During the relevant times set forth herein, Defendants failed to provide complete or accurate wage statements to Plaintiff and the other class members.

41.    During the relevant times set forth herein, Defendants failed to reimburse Plaintiff and the other class members for necessary business-related expenses and costs.

42.    During the relevant times set forth herein, Defendants failed to properly compensate Plaintiff and the other class members pursuant to California law in order to increase Defendants' profits.

43.    California Labor Code section 218 states that nothing in Article 1 of the Labor Code shall limit the right of any wage claimant to "sue directly . . . for any wages or penalty due to him [or her] under this article."

### FIRST CAUSE OF ACTION

**(Violation of California Labor Code §§ 510 and 1198)**

**(Against BKB CONSTRUCTION, L.P.**

**and DOES 1 through 100)**

44.    Plaintiff incorporates by reference the allegations contained in Paragraphs 1 through 43, and each and every part thereof with the same force and effect as though fully set forth herein.

45.    California Labor Code section 1198 and the applicable Industrial Welfare Commission ("IWC") Wage Order provide that it is unlawful to employ persons without compensating them at a rate of pay either time-and-one-half or two-times that person's regular rate of pay, depending on the number of hours worked by the person on a daily or weekly basis.

/ / /

/ / /

/ / /

10

46.     Specifically, the applicable IWC Wage Order provides that Defendants are and were required to pay Plaintiff and the other class members employed by Defendants, and working more than eight (8) hours in a day or more than forty (40) hours in a workweek, at the rate of time-and-one-half for all hours worked in excess of eight (8) hours in a day or more than forty (40) hours in a workweek.

47.     The applicable IWC Wage Order further provides that Defendants are and were required to pay Plaintiff and the other class members overtime compensation at a rate of two times their regular rate of pay for all hours worked in excess of twelve (12) hours in a day.

48.     California Labor Code section 510 codifies the right to overtime compensation at one-and-one-half times the regular hourly rate for hours worked in excess of eight (8) hours in a day or forty (40) hours in a week or for the first eight (8) hours worked on the seventh day of work, and to overtime compensation at twice the regular hourly rate for hours worked in excess of twelve (12) hours in a day or in excess of eight (8) hours in a day on the seventh day of work.

49.     During the relevant time period, Plaintiff and the other class members worked in excess of eight (8) hours in a day, and/or in excess of forty (40) hours in a week.

50.     During the relevant time period, Defendants intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members.

51.     Defendants' failure to pay Plaintiff and the other class members the unpaid balance of overtime compensation, as required by California laws, violates the provisions of California Labor Code sections 510 and 1198, and is therefore unlawful.

52.     Pursuant to California Labor Code section 1194, Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees.

/ / /

/ / /

/ / /

## SECOND CAUSE OF ACTION

**(Violation of California Labor Code §§ 226.7 and 512(a))**

**(Against BKB CONSTRUCTION, L.P.**

**and DOES 1 through 100)**

53.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 52, and each and every part thereof with the same force and effect as though fully set forth herein.

54.    At all relevant times, the IWC Order and California Labor Code sections 226.7 and 512(a) were applicable to Plaintiff's and the other class members' employment by Defendants.

55.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any meal or rest period mandated by an applicable order of the California IWC.

56.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) provide that an employer may not require, cause or permit an employee to work for a work period of more than five (5) hours per day without providing the employee with a meal period of not less than thirty (30) minutes, except that if the total work period per day of the employee is no more than six (6) hours, the meal period may be waived by mutual consent of both the employer and employee.

57.    At all relevant times, the applicable IWC Wage Order and California Labor Code section 512(a) further provide that an employer may not require, cause or permit an employee to work for a work period of more than ten (10) hours per day without providing the employee with a second uninterrupted meal period of not less than thirty (30) minutes, except that if the total hours worked is no more than twelve (12) hours, the second meal period may be waived by mutual consent of the employer and the employee only if the first meal period was not waived.

/ / /

/ / /

58.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and who did not waive their legally-mandated meal periods by mutual consent, were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

59.     During the relevant time period, Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period.

60.     During the relevant time period, Defendants intentionally and willfully required Plaintiff and the other class members to work during meal periods and failed to compensate Plaintiff and the other class members the full meal period premium for work performed during meal periods.

61.     During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full meal period premium due pursuant to California Labor Code section 226.7.

62.     Defendants' conduct violates applicable IWC Wage Order and California Labor Code sections 226.7 and 512(a).

63.     Pursuant to applicable IWC Wage Order and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided.

/ / /

/ / /

/ / /

### THIRD CAUSE OF ACTION

**(Violation of California Labor Code § 226.7)**

**(Against BKB CONSTRUCTION, L.P.**

**and DOES 1 through 100)**

64.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 63, and each and every part thereof with the same force and effect as though fully set forth herein.

65.    At all times herein set forth, the applicable IWC Wage Order and California Labor Code section 226.7 were applicable to Plaintiff's and the other class members' employment by Defendants.

66.    At all relevant times, California Labor Code section 226.7 provides that no employer shall require an employee to work during any rest period mandated by an applicable order of the California IWC.

67.    At all relevant times, the applicable IWC Wage Order provides that "[e]very employer shall authorize and permit all employees to take rest periods, which insofar as practicable shall be in the middle of each work period" and that the "rest period time shall be based on the total hours worked daily at the rate of ten (10) minutes net rest time per four (4) hours or major fraction thereof" unless the total daily work time is less than three and one-half (3 ½) hours.

68.    During the relevant time period, Defendants required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked.

69.    During the relevant time period, Defendants willfully required Plaintiff and the other class members to work during rest periods and failed to pay Plaintiff and the other class members the full rest period premium for work performed during rest periods.

70.    During the relevant time period, Defendants failed to pay Plaintiff and the other class members the full rest period premium due pursuant to California Labor Code section 226.7

71.    Defendants' conduct violates applicable IWC Wage Orders and California Labor Code section 226.7.

72.    Pursuant to the applicable IWC Wage Orders and California Labor Code section 226.7(b), Plaintiff and the other class members are entitled to recover from Defendants one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided.

**FOURTH CAUSE OF ACTION**

**(Violation of California Labor Code §§ 1194, 1197, and 1197.1)**

**(Against BKB CONSTRUCTION, L.P.**

**and DOES 1 through 100)**

73.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 72, and each and every part thereof with the same force and effect as though fully set forth herein.

74.    At all relevant times, California Labor Code sections 1194, 1197, and 1197.1 provide that the minimum wage to be paid to employees, and the payment of a lesser wage than the minimum so fixed is unlawful.

75.    During the relevant time period, Defendants failed to pay minimum wage to Plaintiff and the other class members as required, pursuant to California Labor Code sections 1194, 1197, and 1197.1.

76.    Defendants' failure to pay Plaintiff and the other class members the minimum wage as required violates California Labor Code sections 1194, 1197, and 1197.1. Pursuant to those sections Plaintiff and the other class members are entitled to recover the unpaid balance of their minimum wage compensation as well as interest, costs, and attorney's fees, and liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

77.    Pursuant to California Labor Code section 1197.1, Plaintiff and the other class members are entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages.

78.    Pursuant to California Labor Code section 1194.2, Plaintiff and the other class members are entitled to recover liquidated damages in an amount equal to the wages unlawfully unpaid and interest thereon.

### FIFTH CAUSE OF ACTION

**(Violation of California Labor Code §§ 201 and 202)**

**(Against BKB CONSTRUCTION, L.P.**

**and DOES 1 through 100)**

79.    Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 78, and each and every part thereof with the same force and effect as though fully set forth herein.

80.    At all relevant times herein set forth, California Labor Code sections 201 and 202 provide that if an employer discharges an employee, the wages earned and unpaid at the time of discharge are due and payable immediately, and if an employee quits his or her employment, his or her wages shall become due and payable not later than seventy-two (72) hours thereafter, unless the employee has given seventy-two (72) hours' notice of his or her intention to quit, in which case the employee is entitled to his or her wages at the time of quitting.

81.    During the relevant time period, Defendants intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendants their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ.

82.    Defendants' failure to pay Plaintiff and the other class members who are no longer employed by Defendants' their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendants' employ, is in violation of California Labor Code sections 201 and 202.

83.    California Labor Code section 203 provides that if an employer willfully fails to pay wages owed, in accordance with sections 201 and 202, then the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action is commenced; but the wages shall not continue for more than thirty (30) days.

1    84.    Plaintiff and the other class members are entitled to recover from Defendants the

2  statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum

3  pursuant to California Labor Code section 203.

4                              **SIXTH CAUSE OF ACTION**

5                    **(Violation of California Labor Code § 226(a))**

6                        **(Against BKB CONSTRUCTION, L.P.**

7                          **and DOES 1 through 100)**

8    85.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

9  through 84, and each and every part thereof with the same force and effect as though fully set

10  forth herein.

11    86.    At all material times set forth herein, California Labor Code section 226(a)

12  provides that every employer shall furnish each of his or her employees an accurate itemized

13  statement in writing showing (1) gross wages earned, (2) total hours worked by the employee,

14  (3) the number of piece-rate units earned and any applicable piece rate if the employee is paid

15  on a piece-rate basis, (4) all deductions, provided that all deductions made on written orders of

16  the employee may be aggregated and shown as one item, (5) net wages earned, (6) the

17  inclusive dates of the period for which the employee is paid, (7) the name of the employee and

18  his or her social security number, (8) the name and address of the legal entity that is the

19  employer, and (9) all applicable hourly rates in effect during the pay period and the

20  corresponding number of hours worked at each hourly rate by the employee.  The deductions

21  made from payments of wages shall be recorded in ink or other indelible form, properly dated,

22  showing the month, day, and year, and a copy of the statement or a record of the deductions

23  shall be kept on file by the employer for at least three years at the place of employment or at a

24  central location within the State of California.

25    87.    Defendants have intentionally and willfully failed to provide Plaintiff and the

26  other class members with complete and accurate wage statements. The deficiencies include,

27  but are not limited to: the failure to include the total number of hours worked by Plaintiff and

28  the other class members.

88.  As a result of Defendants' violation of California Labor Code section 226(a), Plaintiff and the other class members have suffered injury and damage to their statutorily-protected rights.

89.  More specifically, Plaintiff and the other class members have been injured by Defendants' intentional and willful violation of California Labor Code section 226(a) because they were denied both their legal right to receive, and their protected interest in receiving, accurate and itemized wage statements pursuant to California Labor Code section 226(a).

90.  Plaintiff and the other class members are entitled to recover from Defendants the greater of their actual damages caused by Defendants' failure to comply with California Labor Code section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee.

91.  Plaintiff and the other class members are also entitled to injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g).

## SEVENTH CAUSE OF ACTION

### (Violation of California Labor Code §§ 2800 and 2802)

### (Against BKB CONSTRUCTION, L.P.

### and DOES 1 through 100)

92.  Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 91, and each and every part thereof with the same force and effect as though fully set forth herein.

93.  Pursuant to California Labor Code sections 2800 and 2802, an employer must reimburse its employee for all necessary expenditures incurred by the employee in direct consequence of the discharge of his or her job duties or in direct consequence of his or her job duties or in direct consequence of his or her obedience to the directions of the employer.

94.  Plaintiff and the other class members incurred necessary business-related expenses and costs that were not fully reimbursed by Defendants.

/ / /

/ / /

18

1     95.    Defendants have intentionally and willfully failed to reimburse Plaintiff and the

2   other class members for all necessary business-related expenses and costs. Plaintiff and the

3   other class members are entitled to recover from Defendants their business-related expenses

4   and costs incurred during the course and scope of their employment, plus interest accrued from

5   the date on which the employee incurred the necessary expenditures at the same rate as

6   judgments in civil actions in the State of California.

7                          **EIGHT CAUSE OF ACTION**

8          **(Violation of California Business & Professions Code §§ 17200, *et seq.*)**

9                       **(Against BKB CONSTRUCTION, L.P.**

10                        **and DOES 1 through 100)**

11     96.    Plaintiff incorporates by reference the allegations contained in paragraphs 1

12   through 95, and each and every part thereof with the same force and effect as though fully set

13   forth herein.

14     97.    Defendants' conduct, as alleged herein, has been, and continues to be, unfair,

15   unlawful and harmful to Plaintiff, other class members, to the general public, and Defendants'

16   competitors.   Accordingly, Plaintiff seeks to enforce important rights affecting the public

17   interest within the meaning of Code of Civil Procedure section 1021.5.

18     98.    Defendants' activities as alleged herein are violations of California law, and

19   constitute unlawful business acts and practices in violation of California Business &

20   Professions Code section 17200, *et seq.*

21     99.    A violation of California Business & Professions Code section 17200, et seq.

22   may be predicated on the violation of any state or federal law. In this instant case, Defendants'

23   policies and practices of requiring employees, including Plaintiff and the other class members,

24   to work overtime without paying them proper compensation violate California Labor Code

25   sections 510 and 1198. Additionally, Defendants' policies and practices of requiring

26   employees, including Plaintiff and the other class members, to work through their meal and

27   rest periods without paying them proper compensation violate California Labor Code sections

28   226.7 and 512(a). Defendants' policies and practices of failing to pay minimum wages violate

California Labor Code sections 1194, 1197, and 1197.1. Moreover, Defendants' policies and practices of failing to timely pay wages to Plaintiff and the other class members violate California Labor Code sections 201, and 202. Defendants also violated California Labor Code sections 226(a), 2800 and 2802.

100. Defendants' also violated California Labor Code section 221 by unlawfully deducting from wages as certain percentage as "taxes" for undocumented workers and on information and belief alleged that they kept the wage deduction as profits.

101. As a result of the herein described violations of California law, Defendants unlawfully gained an unfair advantage over other businesses.

102. Plaintiff and the other class members have been personally injured by Defendants' unlawful business acts and practices as alleged herein, including but not necessarily limited to the loss of money and/or property.

103. Pursuant to California Business & Professions Code sections 17200, et seq., Plaintiff and the other class members are entitled to restitution of the wages withheld and retained by Defendants during a period that commences four years prior to the filing of this Complaint; an award of attorneys' fees pursuant to California Code of Civil procedure section 1021.5 and other applicable laws; and an award of costs.

## DEMAND FOR JURY TRIAL

Plaintiff, individually, and on behalf of other members of the general public similarly situated, requests a trial by jury.

/ / /

/ / /

/ / /

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all other members of the general public similarly situated and on behalf of other aggrieved employees pursuant to the California Private Attorney General Act, prays for relief and judgment against Defendants, jointly and severally, as follows:

### Class Certification

1. That this action be certified as a class action;

2. That Plaintiff be appointed as the representative of the Class;

3. That counsel for Plaintiff be appointed as Class Counsel; and

4. That Defendants provide to Class Counsel immediately the names and most current/last known contact information (address, e-mail and telephone numbers) of all class members.

### As to the First Cause of Action

5. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 510 and 1198 and applicable IWC Wage Orders by willfully failing to pay all overtime wages due to Plaintiff and the other class members;

6. For general unpaid wages at overtime wage rates and such general and special damages as may be appropriate;

7. For pre-judgment interest on any unpaid overtime compensation commencing from the date such amounts were due;

8. For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194; and

9. For such other and further relief as the Court may deem just and proper.

### As to the Second Cause of Action

10. That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 226.7 and 512 and applicable IWC Wage Orders by willfully failing to provide all meal periods (including second meal periods) to Plaintiff and the other class members;

1    11.    That the Court make an award to Plaintiff and the other class members of one

2    (1) hour of pay at each employee's regular rate of compensation for each workday that a meal

3    period was not provided;

4    12.    For all actual, consequential, and incidental losses and damages, according to

5    proof;

6    13.    For premium wages pursuant to California Labor Code section 226.7(b);

7    14.    For pre-judgment interest on any unpaid wages from the date such amounts

8    were due;

9    15.    For reasonable attorneys' fees and costs of suit incurred herein; and

10    16.    For such other and further relief as the Court may deem just and proper.

11                    **As to the Third Cause of Action**

12    17.    That the Court declare, adjudge and decree that Defendants violated California

13    Labor Code section 226.7 and applicable IWC Wage Orders by willfully failing to provide all

14    rest periods to Plaintiff and the other class members;

15    18.    That the Court make an award to Plaintiff and the other class members of one

16    (1) hour of pay at each employee's regular rate of compensation for each workday that a rest

17    period was not provided;

18    19.    For all actual, consequential, and incidental losses and damages, according to

19    proof;

20    20.    For premium wages pursuant to California Labor Code section 226.7(b);

21    21.    For pre-judgment interest on any unpaid wages from the date such amounts

22    were due; and

23    22.    For such other and further relief as the Court may deem just and proper.

24                    **As to the Fourth Cause of Action**

25    23.    That the Court declare, adjudge and decree that Defendants violated California

26    Labor Code sections 1194, 1197, and 1197.1 by willfully failing to pay minimum wages to

27    Plaintiff and the other class members;

28    / / /

24.     For general unpaid wages and such general and special damages as may be appropriate;

25.     For statutory wage penalties pursuant to California Labor Code section 1197.1 for Plaintiff and the other class members in the amount as may be established according to proof at trial;

26.     For pre-judgment interest on any unpaid compensation from the date such amounts were due;

27.     For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Labor Code section 1194(a);

28.     For liquidated damages pursuant to California Labor Code section 1194.2; and

29.     For such other and further relief as the Court may deem just and proper.

### As to the Fifth Cause of Action

30.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 201, 202, and 203 by willfully failing to pay all compensation owed at the time of termination of the employment of Plaintiff and the other class members no longer employed by Defendants;

31.     For all actual, consequential, and incidental losses and damages, according to proof;

32.     For statutory wage penalties pursuant to California Labor Code section 203 for Plaintiff and the other class members who have left Defendants' employ;

33.     For pre-judgment interest on any unpaid compensation from the date such amounts were due; and

34.     For such other and further relief as the Court may deem just and proper.

### As to the Sixth Cause of Action

35.     That the Court declare, adjudge and decree that Defendants violated the record keeping provisions of California Labor Code section 226(a) and applicable IWC Wage Orders as to Plaintiff and the other class members, and willfully failed to provide accurate itemized wage statements thereto;

23

36.     For actual, consequential and incidental losses and damages, according to proof;

37.     For statutory penalties pursuant to California Labor Code section 226(e);

38.     For injunctive relief to ensure compliance with this section, pursuant to California Labor Code section 226(g); and

39.     For such other and further relief as the Court may deem just and proper.

**As to the Seventh Cause of Action**

40.     That the Court declare, adjudge and decree that Defendants violated California Labor Code sections 2800 and 2802 by willfully failing to reimburse Plaintiff and the other class members for all necessary business-related expenses as required by California Labor Code sections 2800 and 2802;

41.     For actual, consequential and incidental losses and damages, according to proof;

42.     For the imposition of civil penalties and/or statutory penalties;

43.     For reasonable attorneys' fees and costs of suit incurred herein;

44.     For such other and further relief as the Court may deem just and proper.

**As to the Eight Cause of Action**

45.     That the Court decree, adjudge and decree that Defendants violated California Business and Professions Code sections 17200, *et seq.* by failing to provide Plaintiff and the other class members all overtime compensation due to them, failing to provide all meal and rest periods to Plaintiff and the other class members, failing to pay at least minimum wages to Plaintiff and the other class members, failing to pay Plaintiff's and the other class members' wages timely as required by California Labor Code section 201, and 202 and by violating California Labor Code sections 221, 226(a), 2800 and 2802.

46.     For restitution of unpaid wages to Plaintiff and all the other class members and all pre-judgment interest from the day such amounts were due and payable;

47.     For the appointment of a receiver to receive, manage and distribute any and all funds disgorged from Defendants and determined to have been wrongfully acquired by Defendants as a result of violation of California Business and Professions Code sections 17200, *et seq.*;

24

48.   For reasonable attorneys' fees and costs of suit incurred herein pursuant to California Code of Civil Procedure section 1021.5;

49.   For injunctive relief to ensure compliance with this section, pursuant to California Business and Professions Code sections 17200, *et seq.*; and

50.   For such other and further relief as the Court may deem just and proper.

Dated: January 23, 2017                    **JUSTICE LAW CORPORATION**

By: _____

Douglas Han
*Attorneys for* Plaintiff

## DEMAND FOR JURY TRIAL

Plaintiff, for himself and the Class and Subclasses, hereby demands a jury trial as provided by California law.

Dated: January 23, 2017                    **JUSTICE LAW CORPORATION**

By: _____

Douglas Han
*Attorneys for* Plaintiff

25

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
BKB CONSTRUCTION, L.P., an unknown business entity; and DOES
1 through 100, inclusive;

ENDORSED
FILED
ALAMEDA COUNTY

JAN 24 2017

CLERK OF THE SUPERIOR COURT,
By Lanette Guffin, Deputy

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
ANTONIO CALDERON, individually, and on behalf of other members
of the general public similarly situated;

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: *(El nombre y dirección de la corte es):* Alameda County Superior Court | CASE NUMBER: *(Número del Caso):* RG 17846698 |
|---|---|

Rene C. Davidson Courhouse
1225 Fallon Street
Oakland, CA 94612

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Douglas Han, JUSTICE LAW CORP., 411 N. Central Ave., Ste. 500, Glendale, CA; (818) 230- 7502

| DATE: *(Fecha)* JAN 24 2017 | Clerk, by *(Secretario)* Chad Finke / LANETTE GUFFIN | , Deputy *(Adjunto)* |
|---|---|---|

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* BKB Construction, L.P., an unknown business entity

under: ☐ CCP 416.10 (corporation)    ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)    ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 415.95 (Business Organization, Form Unknown)
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 (Rev. July 1, 2009)

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov