UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTONIO CALDERON,<br><br>    Plaintiff,<br><br>    v.<br><br>BKB CONSTRUCTION, LP,<br><br>    Defendant. | Case No. 17-cv-01255-DMR<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND AND DENYING PLAINTIFF'S MOTION TO STRIKE PORTIONS OF DEFENDANT'S ANSWER AS MOOT**<br><br>Re: Dkt. Nos. 11, 14 |

Plaintiff Antonio Calderon ("Plaintiff") filed this wage and hour class action in Alameda County Superior Court against his employer, Defendant BKB Construction, L.P. ("Defendant"). [Docket No. 1]. Defendant subsequently removed the case to federal court, invoking the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. § 1332(d), as well as diversity jurisdiction. Plaintiff then filed the instant motion to remand and motion to strike portions of Defendant's Answer. [Docket Nos. 11, 14]. The court finds that Plaintiff's motions are appropriate for disposition without a hearing. *See* Civ. L.R. 7-1(b). Having considered the parties' submissions, the court **GRANTS** Plaintiff's motion to remand, and **DENIES** Plaintiff's motion to strike **AS MOOT**.

## I. FACTS AND PROCEDURAL BACKGROUND

Plaintiff is a former employee of Defendant. He filed this class action in Alameda County Superior Court on January 24, 2017, alleging violations of various provisions of the California Labor Code. He seeks back wages, unpaid overtime, and statutory penalties on behalf of a putative class of Defendant's current and former non-exempt employees. Compl. [Docket No. 1].

Plaintiff asserts eight claims for relief: (1) failure to pay overtime in violation of California Labor Code ("Labor Code") sections 510 and 1198; (2) failure to provide meal periods in violation of Labor Code sections 226.7 and 512(a); (3) failure to provide rest periods in violation of Labor Code section 226.7; (4) failure to pay minimum wage in violation of Labor Code sections 1194,

1197, and 1197.1; (5) failure to pay wages at termination in violation of Labor Code sections 201 and 202; (6) failure to issue accurate and itemized wage statements in violation of Labor Code section 226(a); (7) failure to reimburse for business-related expenses and costs in violation of Labor Code sections 2800 and 2802; and (8) violation of California Business and Professions Code sections 17200 *et seq*. *See generally* Compl.

Defendant timely removed the complaint. Not. of Removal [Docket No. 1]. Defendant alleges that removal is proper because diversity jurisdiction exists over Plaintiff's individual claims, and CAFA jurisdiction exists over the class claims. *Id.*, ¶¶ 4-14.

In support of removal, Defendant submitted the Declaration of Stuart English. English Decl. [Docket No. 2]. English is Defendant's Senior Estimator and oversees and manages Defendant's employment issues in California. English Decl., ¶ 1. English makes certain assertions about the putative class and Plaintiff's individual claims. The court discusses those assertions in greater detail below. Generally speaking, English states that there are approximately 400 putative class members, and that each earned between $10 and $15 per hour. He also purports to calculate the value of Plaintiff's individual claims. According to English, Plaintiff's damages total $77,202.00 based on his calculations of Plaintiff's waiting time penalties, meal and rest period premiums, overtime and minimum wage damages and penalties, and paystub violation penalties. *Id.*, ¶¶ 3-8. English offers no damages calculations for the class claims.

Plaintiff now moves for remand, arguing that Defendant has failed to establish that Plaintiff's individual claims exceed the $75,000.00 minimum for diversity jurisdiction, or that the class claims exceed the $5,000,000.00 jurisdictional minimum under CAFA.

## II. LEGAL STANDARDS

Pursuant to 28 U.S.C. § 1441, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or other defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "The removal statute is strictly construed against removal jurisdiction, and the burden of establishing federal jurisdiction falls to the party invoking the statute." *Cal. ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831, 838 (9th Cir.),

2

*opinion amended on denial of reh'g,* 387 F.3d 966 (9th Cir. 2004) (citing 28 U.S.C. § 1447).

A. **Diversity Jurisdiction**

A district court has diversity jurisdiction where the parties are diverse and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs." 28 U.S.C. § 1332(a)(1). In the context of class actions, when "at least one named plaintiff . . . satisfies the amount-in-controversy requirement," and the other elements of diversity jurisdiction are met, a court can exercise supplemental jurisdiction over the claims of other plaintiffs in the same case, "even if those claims are for less than the jurisdictional amount specified in the statute setting forth the requirements for diversity jurisdiction." *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 549 (2005).

In seeking removal on the basis of diversity jurisdiction, a defendant must show by a preponderance of evidence that the plaintiff's individual claim exceeds the $75,000.00 jurisdictional threshold. *See Patel v. Nike Retail Servs., Inc.*, 58 F. Supp. 3d 1032, 1038 (N.D. Cal. 2014) (finding that removal statute, 28 U.S.C. § 1446(c)(2)(A)(ii), (B) establishes that the "preponderance of the evidence . . . is the standard for determining whether the amount in controversy is satisfied when state law [such as California law] permits the plaintiff to recover in excess of the amount alleged in the complaint").[1]

B. **CAFA Jurisdiction**

"CAFA gives federal district courts original jurisdiction over class actions in which the class members number at least 100, at least one plaintiff is diverse in citizenship from any defendant, and the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs.*" Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1195 (9th Cir. 2015) (citing 28 U.S.C. § 1332(d)).

In seeking removal under CAFA, the defendant bears the usual burden of establishing

---

[1] Plaintiff wrongly argues that the "legal certainty" standard applies to his individual claim. Plaintiff relies on a case that the Ninth Circuit has overruled. *See Rodriguez v. AT&T Mobility Servs. LLC*, 728 F.3d 975, 977 (9th Cir. 2013) (expressly holding that "*Loudermilk* [*v. U.S. Bank Nat'l Ass'n*, 479 F.3d 994, 1000 (9th Cir. 2007)] has been effectively overruled [by *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 558 (2013)], and that the proper burden of proof imposed upon a defendant to establish the amount in controversy is the preponderance of the evidence standard").

federal jurisdiction. *See Serrano v. 180 Connect, Inc*., 478 F.3d 1018, 1021, 1024 (9th Cir. 2007) (holding that in a CAFA case the removing party bears the burden of establishing federal jurisdiction under 28 U.S.C. § 1332(d)(2)). However, unlike other removed cases, there is "no antiremoval presumption" in CAFA cases. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014); *see also Coleman-Anacleto v. Samsung Elecs. Am., Inc*., No. 16-cv-02941-LHK, 2016 U.S. Dist. LEXIS 123455, at *8 (N.D. Cal. Sept. 12, 2016) (citing *Dart Cherokee Basin Operating Co., LLC*, 135 S. Ct. at 554).

    In order to meet its burden on removal, a defendant must show "by a preponderance of evidence that the aggregate amount in controversy exceeds $5 million." *Ibarra*, 775 F.3d at 1197. The preponderance of the evidence standard requires the removing party "to 'provide evidence establishing that it is more likely than not that the amount in controversy exceeds [the jurisdictional amount].'" *Coleman-Anacleto*, 2016 U.S. Dist. LEXIS 123455, at *13 (quoting *Sanchez v. Monumental Life Ins. Co*., 102 F.3d 398, 404 (9th Cir. 1996) (internal quotation marks omitted)). The Ninth Circuit has clarified that the preponderance of the evidence applies irrespective of the specificity of the plaintiff's allegations regarding the jurisdictional amount in controversy. *See Ibarra*, 774 F.3d at 1197 (the preponderance of evidence standard applies whether the complaint is unclear or ambiguous regarding the jurisdictional amount in controversy, or "affirmatively contend[s] that damages do not exceed $5 million").

    In determining whether a removing defendant has met its burden, a court may consider "evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment type evidence relevant to the amount in controversy." *Ibarra*, 775 F.3d at 1197 (quoting *Singer v. State Farm Mut. Auto. Ins. Co*., 116 F.3d 373, 377 (9th Cir. 1997) (internal quotation marks omitted)). However, a defendant is not required to produce "summary judgment-type" evidence to demonstrate removability under CAFA. *See Altamirano v. Shaw Indus., Inc.*, No. C-13-0939 EMC, 2013 WL 2950600, at *4 (N.D. Cal. June 14, 2013) (explaining that courts "have rejected the notion that the fact that courts *may* consider such evidence necessarily *requires* the removing party to produce it;" discussing case where a court noted that a defendant may meets its burden by relying on allegations made in the complaint) (emphasis in original).

4

But, "[i]f [] . . . the allegations in the complaint provide no basis for certain assumptions in the calculations, a defendant must provide some evidence rather than relying on mere unsupported speculation or conclusory allegations." *Altamirano*, 2013 WL 2950600, at *4 (citing *Singer*, 116 F.3d at 377). "[A] defendant cannot establish removal jurisdiction [under CAFA] by mere speculation and conjecture, with unreasonable assumptions." *Ibarra*, 775 F.3d at 1197; *see also Coleman-Anacleto,* 2016 U.S. Dist. LEXIS 123455, at *13 ("Mere conclusory allegations are insufficient, as are 'speculative and self-serving assumptions.'") (quoting *Garibay v. Archstone Cmtys. LLC*, 539 F. App'x 763, 764 (9th Cir. 2013)). "CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Ibarra*, 775 F.3d at 1198.

In considering the allegations in the plaintiff's complaint, "[t]he court must assume that the allegations of the complaint are true, and that a jury will return a verdict for the plaintiff on all claims made." *Coleman-Anacleto*, 2016 U.S. Dist. LEXIS 123455, at *13; *see also Ibarra*, 775 F.3d at 1197. "The ultimate inquiry is what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will actually owe." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008) (emphasis omitted).

### III. PLAINTIFF'S EVIDENTIARY OBJECTIONS

Plaintiff objects to the English Declaration on numerous evidentiary grounds including hearsay, lack of foundation and personal knowledge, speculation, improper expert testimony, and failure to authenticate. [Docket No. 14-1]. As discussed below, the court largely agrees that the English Declaration is markedly deficient in numerous ways.

Defendant filed the English Declaration with its Notice of Removal. Defendant did not submit any additional evidence in support of its opposition to the motion for remand. The entire English Declaration is slightly over one double-spaced page in length. English states that he has "personal knowledge" of the facts in his declaration, but does not explain how he obtained such knowledge, and whether he actually reviewed any employee payroll records or other business records. English Decl., ¶ 1. The declaration includes the following handful of objective facts: Paragraph 3 provides Plaintiff's dates of employment and rates of pay, and Paragraph 2 estimates

5

that there were 400 individual non-exempt employees during the class period, and that these individuals had a regular rate of pay between $10 and $15 per hour. Notwithstanding this paucity of facts, the rest of the declaration consists of English's "calculations" of Plaintiff's damages for his individual claims. As discussed in greater detail below, English's purported calculations rest solely on unsupported assumptions.

Therefore, the court rules as follows. The objections to ¶¶ 2 and 3 are overruled. Notwithstanding English's failure to specify how he obtained personal knowledge of the number of potential class members, the overall range of their hourly rates of pay during the class period, and the dates of Plaintiff's employment and his rates of pay, English states that he has personal knowledge of these facts because he serves as Defendant's Senior Estimator who oversees and manages Defendant's employment issues in California.

The objections to ¶ 4, lines 9-11 are overruled. As discussed in greater detail below, English's assumptions that Plaintiff was not paid his wages for at least 30 days after termination and that Plaintiff worked a minimum of 8 hours per day are supported by allegations in the complaint. English provides Plaintiff's rate of pay at the time of his termination in paragraph 2 of his declaration. Therefore, English's calculation that Plaintiff would be entitled to the maximum waiting time penalties of $3,600.00 has sufficient foundation and is not speculative.

The court sustains objections to the following statements because they lack foundation and are speculative:

- The conclusion in ¶ 4, lines 11-13 that Plaintiff would be entitled to $4,000.00 on his wage statement claim. English does not provide any basis for his assumption that Plaintiff did not receive a compliant wage statement every pay period.

- The conclusion in ¶ 5 that Plaintiff would be entitled to $23,228.00 in penalties for his missed meal and rest period claims. English does not provide any basis for his underlying assumption that Plaintiff did not receive one meal and one rest break every day of his employment.

- The conclusion in ¶ 6, lines 17-20 that Plaintiff would be entitled to a $16,380.00 for unpaid overtime. English does not provide any basis for his underlying

6

assumption that Plaintiff was paid only straight time wages for 10 hours of overtime worked each week during his employment.

- The conclusion in ¶ 6, lines 21-25 that Plaintiff would be entitled to a $23,644.00 for unpaid hours worked at minimum wage. English does not provide any basis for his assumption that Plaintiff was not paid for five hours per work week during his employment.

- The conclusion in ¶ 7 that Plaintiff would be entitled to a $6,350.00 in penalties under Labor Code section 1197.1 for each week he was not paid minimum wages. English does not provide any basis for his underlying assumption that Plaintiff was not paid minimum wages during every pay period throughout his employment.

- The conclusion in ¶ 8 that Plaintiff's potential damages for his individual claims would be $77,202.00. As detailed above, because English does not provide any basis for the assumptions underlying all but one of his calculations of Plaintiff's damages, he lacks adequate foundation to calculate the total of Plaintiff's potential damages.

## IV. DISCUSSION

Plaintiff argues that Defendant has failed to meet its burden to demonstrate removability because its damages calculations are speculative, unsupported, and unreasonable. Regarding Plaintiff's individual claims, Plaintiff contends that the English Declaration improperly assumes that Plaintiff seeks the maximum penalties on his waiting time and wage statement claims, and provides no foundation for his calculations of Plaintiff's meal and rest period premiums, unpaid overtime and minimum wage damages, and Labor Code section 1197.1 penalties. Regarding the class claims, Plaintiff asserts that Defendant's allegation that the amount-in-controversy of the class claim exceeds the $5,000,000.000 jurisdictional threshold is equally unsupported, speculative, and unreasonable.

Defendant contends that the English Declaration is sufficient because the deliberate vagueness in Plaintiff's pleading entitled Defendant to assume that Plaintiff was seeking the maximum penalties on his waiting time and wage statement claims. Defendant also appears to

argue that the court should accept its damages calculations because Plaintiff has not proffered evidence specifying his actual damages.

The court now analyzes each of Defendant's asserted bases for removal.

A. **Diversity Jurisdiction Over Plaintiff's Individual Claim**

In its notice of removal, Defendant submitted the English Declaration to support the calculation of Plaintiff's individual damages as totaling $77,202.00, which breaks down as follows: $3,600.00 (Waiting Time Penalties) + $4,000.00 (Wage Statement Penalties) + $23,228.00 (Missed Meal and Rest Period Penalties) + $16,380.00 (Unpaid Overtime) + $23,644.00 (Unpaid Minimum Wages) + $6,350.00 (Labor Code section 1197.1 Penalties). *See* English Decl., ¶¶ 3-8.

As discussed below, the court finds that Defendant has failed to establish by a preponderance of the evidence that Plaintiff's individual claims exceed the $75,000.00 threshold for diversity jurisdiction.

1. **Waiting Time Penalties**

Plaintiff seeks statutory penalties under Labor Code section 203 for Defendant's failure to pay earned wages in a timely manner upon termination. Compl., ¶¶ 79-84. Plaintiff alleges that Defendant "intentionally and willfully failed to pay Plaintiff and the other class members who are no longer employed by Defendant[] their wages, earned and unpaid, within seventy-two (72) hours of their leaving Defendant['s] employ." *Id*., ¶ 81. Plaintiff further alleges that "Plaintiff and the other class members are entitled to recover from Defendant[s] the statutory penalty wages for each day they were not paid, up to a thirty (30) day maximum pursuant to California Labor Code section 203." *Id*., ¶ 84.

Labor Code section 201 requires employers to pay final wages to involuntarily terminated employees immediately upon termination, while Labor Code section 202 requires employers to pay final wages to employees that have resigned within 72 hours of the end of their employment, unless advance notice is provided. *See* Cal. Lab. Code §§ 201-202. Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action

therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

Defendant contends that Plaintiff's claim for waiting time penalties amounts to $3,600.00. *See* English Decl., ¶ 4. Defendant arrives at this figure by assuming that Plaintiff was not paid his earned wages for at least 30 days following his termination, and multiplying that figure by Plaintiff's rate of pay at the time of his termination ($15.00 per hour) and the minimum number of hours Plaintiff worked in a day (8 hours): 30 x $15.00 x 8 = $3,600.00. *Id.*

The court finds that Defendant's assumptions are reasonable and supported by facts in the English Declaration and allegations in the complaint. Plaintiff does not dispute that his last day of work was August 5, 2016 and that his final hourly rate of pay was $15. *See* English Decl., ¶ 4 (stating that "from November 16, 2015 until [Plaintiff's] final day of work for [Defendant] on or about August 5, 2016, his regular rate of pay was $15"). Plaintiff's complaint alleges that he worked in excess of 8 hours a day, so it is reasonable for Defendant to assume that Plaintiff worked a minimum of 8 hours per day. *See* Compl., ¶¶ 25, 36, 49. Plaintiff filed his complaint on January 24, 2017, alleging that he and other class members were entitled to receive statutory penalties "up to a thirty (30) day maximum," under Labor Code section 203, Compl., ¶ 84. Given the five-plus month gap between the filing of the complaint and Plaintiff's final day of work, in combination with the fact that Plaintiff seeks lost wages (i.e., overtime, minimum wage, and meal and rest premiums) that by definition are still owed, Defendant reasonably assumes that Plaintiff was not paid his final wages for at least 30 days following his last day of work. *See, e.g., Ford v. CEC Entm't, Inc.*, No. CV 14-01420 RS, 2014 WL 3377990, at *3 (N.D. Cal. July 10, 2014) (explaining that a plaintiff alleging "up to 30 days" in a section 203 claim did not "preclude [the defendant] from assuming the statutory maximum" because there was "no averment in the complaint support[ing] an inference that these sums were ever paid"); *Altamirano*, 2013 WL 2950600, at *12 (finding that "as there is nothing in the complaint or the record to suggest that [the defendants] paid employees . . . unpaid wages at some point during the month after they separated from employment, awarding penalties for the entire 30 pay period is reasonable.").

//

### 2. Wage Statement Penalties

Plaintiff seeks damages including statutory penalties based on Defendant's failure to provide complete and accurate itemized wage statements under Labor Code section 226(a). Compl., ¶¶ 85-91. Plaintiff alleges that Defendant "intentionally and willfully failed to provide Plaintiff and the other class members with complete and accurate wage statements." *Id.*, ¶ 87. Plaintiff further alleges that "Plaintiff and the other class members are entitled to recover from Defendant[] the greater of their actual damages caused by Defendant['s] failure to comply with California Labor Code Section 226(a), or an aggregate penalty not exceeding four thousand dollars per employee." *Id.*, ¶ 90.

Labor Code section 226(a) provides in relevant part that every "employer . . . shall furnish to his or her employee . . . an accurate itemized statement" of the wages earned. *See* Cal. Lab. Code § 226. Under Labor Code section 226(e)(1), if the employer knowingly and intentionally fails to provide its employees with accurate itemized wages statements, the employee is entitled to "recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000)" as well as reasonable attorneys' fees and costs. Cal. Lab. Code § 226(e)(1).

Defendant asserts that Plaintiff's wage statement penalties are $4,000 by assuming that Plaintiff would be entitled to receive the maximum penalty of $4,000.00 if he prevailed on his claim. *See* English Decl., ¶ 4.

The court finds that Defendant's assumption is unsupported. The allegation in the complaint that Plaintiff and the other class members are entitled to receive the greater of their actual damages or "an aggregate penalty not exceeding [$4,000.00] per employee" does not entitle Defendant to blindly assume that Plaintiff is entitled to a maximum statutory penalty of $4,000.00. Compl., ¶ 90. As the removing party, Defendant must establish that its assumption is reasonable. *See Ibarra*, 775 F.3d at 1198 ("CAFA's requirements are to be tested by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure.").

Defendant provides no basis from which this court could reasonably assume that Plaintiff is alleging that he received enough non-compliant wage statements to entitle him to the maximum penalty available under Labor Code section 226(a). The English Declaration is bereft of any details necessary to support this assumption including, but not limited to, how many pay periods Plaintiff worked during his employment, and whether the wage statement format changed over time. *Compare Raya v. Amazon.com, LLC*, No. C 15-2005 MMC, 2015 WL 4035096, at *2 (N.D. Cal. June 30, 2015) (finding defendant's wage penalty calculation reasonable where defendant submitted undisputed evidence of the number of pay periods worked by the putative class members and evidence that the wage statements were "identical in format"). Absent such facts, Defendant's assertion is speculative and fails to carry its burden as the removing party under CAFA. *See, e.g., Garibay*, 539 F. App'x at 764 (explaining that defendant's evidence was insufficient to support removal jurisdiction under CAFA where defendant's calculations "assume[d] that every single member of the class would be entitled to recover penalties for every single pay period" under Labor Code section 226(a)); *Beck v. Saint-Gobain Containers*, No. 2:16-CV-03638-CAS-SK, 2016 WL 4769716, at *10 (C.D. Cal. Sept. 12, 2016) (finding that the defendant failed to satisfy its burden in establishing the amount in controversy under CAFA because defendant "assume[d], without providing supporting evidence, that each and every putative class member received non-compliant wage statements and [wa]s entitled to the statutory maximum penalty").

### 3. Missed Meal and Rest Periods

Plaintiff seeks statutory damages for Defendant's failure to provide meal and rest breaks in violation of Labor Code Sections 226.7 and 512(a). Compl., ¶¶ 53-63, 64-72. In support of his meal period claim, Plaintiff alleges that "Plaintiff and the other class members who were scheduled to work for a period of time no longer than six (6) hours, and . . . did not waive their legally-mandated meal periods . . . []were required to work for periods longer than five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period." *Id.*, ¶ 58. Plaintiff further alleges that "Plaintiff and the other class members who were scheduled to work for a period of time in excess of six (6) hours were required to work for periods longer than

11

five (5) hours without an uninterrupted meal period of not less than thirty (30) minutes and/or rest period." *Id*., ¶ 59. Plaintiff also asserts that he and the other class members are "entitled to recover from Defendant[] one additional hour of pay at the employee's regular rate of compensation for each work day that the meal or rest period is not provided." *Id*., ¶ 63.

In support of his rest break claim, Plaintiff alleges that "Defendant[] required Plaintiff and other class members to work four (4) or more hours without authorizing or permitting a ten (10) minute rest period per each four (4) hour period worked." *Id*., ¶ 68. Plaintiff further alleges that "Plaintiff and the other class members are entitled to recover from Defendant[] one additional hour of pay at the employees' regular hourly rate of compensation for each work day that the rest period was not provided." *Id*., ¶ 72.

Pursuant to Labor Code section 512(a), "[a]n employer may not employ an employee for a work period of more than five hours per day without providing a meal period of not less than 30 minutes . . . ." Cal. Lab. Code § 512(a). An employer may also not employ an employee for a work period of more than 10 hours per day without providing the employee with a second meal period of not less than 30 minutes . . ." *Id*. Under Labor Code section 226.7, an employer must pay employees "one additional hour of pay at the employee's regular rate of compensation" for failure to provide a meal or rest break. Cal. Lab. Code § 226.7; *see also* Cal. Code Regs. title 8, § 11040(12)(a) (defining a rest period as "ten minutes net rest time per four hours" of work).

Defendant asserts that Plaintiff's missed meal and rest period claims amount to $23,228.00 by assuming that Plaintiff experienced at least one meal and one rest violation each day during the entire class period. English Decl., ¶ 5. Defendant contends that it may assume a 100% violation rate because Plaintiff's complaint is purposefully ambiguous regarding the frequency of meal and rest break violations that occurred during the class period.

The court finds that Defendant's assumption of a 100% violation rate (i.e., an assumption that Plaintiff missed one meal and rest break every day) is unsupported and therefore unreasonable. For example, Plaintiff does not allege that Defendants had a "uniform" or "universal" practice of violating the meal and rest provisions, or even that Defendants had a "pattern and practice" of violating those laws, and did so on a "regular" basis. As the Ninth

12

Circuit has noted, "'a pattern and practice' of doing something does not necessarily mean *always* doing something." *Ibarra*, 775 F.3d at 1198-99. Where a complaint "does not allege that [a defendant] universally, on each and every shift, violates labor laws," the defendant "bears the burden to show that its estimated amount in controversy relied on reasonable assumptions." *Ibarra*, 775 F.3d at 1199; *see also Dobbs v. Wood Grp. PSN, Inc*., 201 F. Supp. 3d 1184, 1188-89 (E.D. Cal. 2016) (explaining that "where a plaintiff's complaint specifically alleges a 'uniform' practice, if a defendant in its amount-in-controversy calculus assumes a 100 percent violation *and* the plaintiff offers no competent evidence in rebuttal . . . , courts have found a defendant's assumption to be reasonable") (emphasis in original) (citing cases); *Dawson v. Hitco Carbon Composites, Inc*., No. CV16-7337 PSG (FFMx), 2016 WL 7235629, at *3 (C.D. Cal. Dec. 14, 2016) (same and citing cases); *Garza v. Brinderson Constructors, Inc.*, 178 F. Supp. 3d 906, 911 (N.D. Cal. 2016) (explaining that because the second amended complaint did not allege "universal violations" that the removing defendant had "not established a reasonable basis for its assumption of a 100% violation rate"); *see also Miller v. A-1 Express Delivery Servs., Inc*., No. 16-CV-06251-WHO, 2017 WL 462406, at *5 (N.D. Cal. Feb. 3, 2017) (explaining that courts in this district have held that "assumptions of one missed meal and break per pay period are reasonable in light of policy and practice allegations *and* allegations that [a] defendant regularly denied class member breaks") (emphasis added).

### 4. Unpaid Overtime

Plaintiff seeks statutory damages for Defendant's failure to pay overtime wages pursuant to Labor Code sections 510, 1194, and 1198. Compl., ¶¶ 44-52. Plaintiff alleges that he and other class members "worked in excess of eight (8) hours a day, and/or in excess of forty (40) hours in a week," and that Defendant "intentionally and willfully failed to pay overtime wages owed to Plaintiff and the other class members." *Id*., ¶¶ 49, 50. Plaintiff further alleges that "Plaintiff and the other class members are entitled to recover unpaid overtime compensation, as well as interest, costs, and attorneys' fees." *Id*., ¶ 52.

Under Labor Code section 510(a), "[a]ny work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek and the first eight hours worked on the

13

seventh day of work in any one workweek shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee," and [a]ny work in excess of 12 hours in one day shall be compensated at the rate of no less than twice the regular rate of pay for an employee." Cal. Lab. Code § 510. Labor Code section 1194 provides that "any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation . . . ." Cal. Lab. Code § 1194; *see also* Cal. Lab. Code § 1198 (providing that the "employment of any employee for longer hours" than are lawful is unlawful).

Defendant asserts that Plaintiff's overtime claim should be valued at $16,380.00 by assuming that Plaintiff was paid only straight time wages for 10 hours of overtime worked each week throughout the class period. English Decl., ¶ 6.

Again, the court finds that Defendant's assumption of ten hours of unpaid overtime per week is unsupported and therefore unreasonable. There are no allegations in the complaint, nor is there any evidence presented by Defendant about how many total hours or overtime hours Plaintiff worked each week during the class period. Absent such foundational facts, Defendant's assumption is purely speculative.

In its opposition, Defendant concedes as much, but instead asserts that this court should conclude that its assumption is reasonable because Plaintiff has not demonstrated that it is unreasonable. This argument turns the burden of proof on its head. It is beyond dispute that the burden remains with Defendant, as the removing party, to prove that Plaintiff's amount-in-controversy exceeds the jurisdictional threshold. To the extent Defendant contends that Plaintiff is required to submit evidence in support of remand, Defendant provides no support for such a contention. At least one court in this Circuit has expressly held that a plaintiff is not required to submit evidence in support of remand if a defendant has not met its burden to show that the amount-in-controversy requirement is met. *See Garcia v. Wal-Mart Stores Inc*., 207 F. Supp. 3d 1114, 1119–20 (C.D. Cal. 2016) (explaining that a plaintiff is not required to submit evidence in support of remand, where a defendant has not met its initial burden to show that the amount-in-

14

controversy exceeds the jurisdictional threshold under CAFA) (citing cases); *see also Rutledge v. Healthport Techs.*, LLC, No. 16-CV-06920-VC, 2017 WL 728375, at *1, n.1 (N.D. Cal. Feb. 24, 2017) (explaining that the "Ninth Circuit has declined to decide whether the plaintiffs must submit evidence" in support of remand, and evaluating plaintiff's remand motion based on the evidence submitted by defendant since plaintiff did not submit any evidence).

### 5. Unpaid Minimum Wages and Minimum Wage Penalties

Plaintiff seeks to recover unpaid minimum wages and associated penalties. Compl., ¶¶ 73-78. Plaintiff alleges that he and the other class members are "entitled to recover a penalty of $100.00 for the initial failure to timely pay each employee minimum wages, and $250.00 for each subsequent failure to pay each employee minimum wages." *Id.*, ¶ 77.

Defendant asserts that Plaintiff's minimum wage claim is valued at $23,644.00 by assuming that Plaintiff was not paid for five hours of work per work week. English Decl., ¶ 6.

As with Defendant's other damages calculations, there is no support for this assumption, either in the complaint or in other evidence. Thus, Defendant's minimum wage damages calculation is lacking in foundation and is conjectural.

Defendant's calculation of Plaintiff's minimum wage penalties as $6,350.00, *see* English Decl., ¶ 7, is similarly deficient. There is no allegation or evidence to support Defendant's assumption that Plaintiff received less than the minimum wage during every work week that he worked throughout the relevant period.

In sum, the court finds that Defendant has failed to meet its burden of proof to establish that Plaintiff's damages meet the $75,000 threshold for diversity jurisdiction.

### B. The Class Claims

In its notice of removal, Defendant asserts that the damages for the class claims exceed the $5 million jurisdictional threshold under CAFA. It supports this assertion by stating that the damages for each of the approximately 400 putative class members exceed $12,500.00. Not. of Removal, ¶ 14. This is because: (1) Plaintiff's counsel will seek attorneys' fees of "at least $1,000,000.00[,]" which amounts to $2,500.00 per class member; (2) each class member is entitled to a maximum penalty of $4,000.00 for the Labor Code section 226 claim; and (3)

"[g]iven the breadth of the remaining causes of action for meal and rest periods, failure to pay overtime, failure to pay minimum wages, liquidated damages and waiting time penalties, and failure to reimburse business expense, plus interest," it is "evident that each class member seeks in excess of $6,000.00 in damages for these claims." *Id*.

The court finds that Defendant's assumptions regarding the class claims are unsupported and speculative. Defendant provides no facts to support its $1,000,000.00 attorneys' fee estimate.[2] Nor does Defendant submit any facts about the class that could support its assumptions regarding the various class claims. For example, there are no facts even generally describing the average length of employment for putative class members, the average weekly hours worked by the class, or the average pay for class members during the class period. Moreover, Defendant does not provide a separate analysis for each of the class claims, but instead lumps them together without explanation or evidence, and asserts that the value of each class member's claim, other than the wage statement claim, is at least $6,000. Opp. at 11. With respect to the $4,000 estimate for each class member's wage statement claim, Defendant's assumptions are unreasonable for the same reasons stated above with respect to Plaintiff's individual wage statement claim.

The court finds that Defendant has failed to establish by a preponderance of the evidence that the amount-in-controversy for Plaintiff's class claims exceed the $5 million jurisdictional minimum under CAFA.

---

[2] While the parties correctly point the court to the split in this Circuit on whether "anticipated" attorneys' fees should be considered in determining the amount of controversy under CAFA, the court need not weigh in on this issue because Defendant completely fails to provide any support for its assumption that Plaintiff and the putative class will incur $1,000,000.00 in attorneys' fees. *See, e.g., Vitale v. Celadon Trucking Servs*., No. CV-15-5193 PSG (GJSx), 2015 U.S. Dist. LEXIS 135689, at *17-18 (C.D. Cal. Oct. 2, 2015) (explaining that "[r]egardless of where [the court] stands on [the]split, [the] [d]efendant has not met its burden of establishing amount in controversy by a preponderance of the evidence because [the] [d]efendant assumes, without any factual basis for its assumption, that [the] [p]laintiff will incur $100,000 in attorney's fees" and granting the plaintiff's remand motion); *Walton v. AT&T Mobility*, No. 2:11-cv-01988-JHN-JC, 2011 U.S. Dist. LEXIS 76186, at *5 (C.D. Cal. July 14, 2011) (declining to reach the issue of whether to include attorneys' fees incurred after the date of removal in determining the jurisdictional amount-in-controversy under CAFA because the defendant "did not provide any factual basis for determining how much attorney's fees have been incurred thus far and will be incurred in the future;" "[b]ald assertions are simply not enough").

## V. CONCLUSION

In conclusion, the court grants Plaintiff's motion to remand, and denies Plaintiff's motion to strike portions of Defendant's Answer as moot. This case is remanded to the Alameda County Superior Court.

**IT IS SO ORDERED.**

Dated: June 16, 2017



Donna M. Ryu
United States Magistrate Judge